# Springfield Consolidated Railway Company v. Jennie Blakesley.

VERDICT—*when not disturbed as against the evidence.* A verdict not manifestly against the preponderance of the evidence will not be disturbed on review.

Action in case for personal injuries. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1906. Affirmed on *remittitur.* Opinion filed June 1, 1907.

WILSON, WARREN & CHILD, for appellant.

PATTON & PATTON and JOHN C. SNIGG, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Jennie Blakesley brought suit in the Circuit Court of Sangamon county to recover damages sustained by her in an accident alleged to have been caused by the servants of the railway company in the negligent and improper management of one of its street cars. Blakesley recovered a judgment for $2,500, from which the railway company has appealed.

It appears from the evidence that appellee was driving her horse, hitched to a two-seated surrey, west on Cedar street in the city of Springfield, Illinois, in the month of November, 1905; that she had with her several lady friends and a boy about three years old; that one of appellant's cars was going west upon the same street in the rear of appellee's surrey; that appellee's horse took fright, ran away, threw the occupants out upon the ground and injured appellee. The negligence alleged against appellant was that those in charge of the car unnecessarily, continuously and negligently sounded the gong on the car, in the immediate rear of the surrey, from which action the

horse took fright and ran away, causing the injury sued for.

Upon the question of negligence the main controversy was whether or not the gong was unnecessarily and repeatedly sounded; whether or not the horse took fright from the sounding of the gong; whether the car, with its gong sounding, passed the horse and surrey while the horse was frightened and likely to run away, or whether at that time the horse was under apparent control. Upon every one of all these questions there was a sharp conflict in the evidence. Upon the part of appellee seven witnesses testified to some one or all the incidents connected with the ringing of the bell, the fright of the horse and the relative position of the car to the surrey and its occupants, while upon the part of appellant five witnesses testified concerning matters immediately connected with the conduct of those in the surrey, the action of the horse and the management of the car, and four others gave testimony tending to impeach some one or more of the witnesses for appellee.

Under such circumstances it is the peculiar province of a jury to determine what witnesses are telling the truth, and what ones should not be believed. Human testimony cannot be weighed or estimated by any mathematical process. Tested by the rules that govern courts of review in all cases where every fact material to a determination of the case is in sharp conflict and by rules which are not in serious dispute in this case, we hold that the verdict was not against the manifest weight of the evidence, and should not be set aside upon that ground.

We are disposed to think that the damages as fixed by the judgment in the sum of $2,500 are excessive and should be reduced to the sum of $1,500. If appellee, within thirty days from the date of filing this opinion will remit the sum of $1,000, from the recovery, the judgment of the court below will be affirmed in the

sum of $1,500, otherwise it will be reversed and re-manded.

*Affirmed on remittitur. Remittitur filed and judgment affirmed.*

Motion of appellee to tax cost of additional abstract to appellant allowed.